GERALD J. ZACHMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zachman v. Commissioner
Docket No. 18469-82.
United States Tax Court
T.C. Memo 1984-320; 1984 Tax Ct. Memo LEXIS 349; 48 T.C.M. (CCH) 349; T.C.M. (RIA) 84320; June 25, 1984. Gerald J. Zachman, pro se. Mary E. Pierce, for the respondent. CLAPP
MEMORANDUM OPINION AND FINDINGS OF FACT CLAPP, Judge: Respondent determined deficiencies in and additions *350 to petitioner's income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1977
$351.00
$87.75
$17.55
$12.48
1978
351.00
87.75
17.55
11.21
1979
409.00
102.25
20.45
17.16
1980
792.00
198.00
39.60
50.57
The issues for our decision are: 1) whether payments petitioner received from his father for services are taxable; 2) whether interest petitioner received from several banks is taxable; 3) whether petitioner is liable for the additions to tax determined by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Elk River, Minnesota, when he filed his petition. Petitioner filed an income tax return reporting compensation for services and interest income for 1976. He did not file income tax returns for 1977, 1978, 1979, and 1980. He received compensation for his services of $5,400 in 1977, $5,400 in 1978, $5,906 in 1979, and $7,991 in 1980. He received interest from banks of $30 in 1977, $35 in 1978, $18 in *351 1979, and $11 in 1980. Petitioner's medical and interest expenses in 1977, 1978, 1979, and 1980 were less than the zero bracket amounts for those years. Petitioner incurred costs of $344 in 1977; $281.81 in 1978; $736.58 in 1979; and $563.37 in 1980 for operating vehicles. Petitioner instituted this case merely for delay. OPINION Petitioner contends the payments he received for his services are not taxable because the value of the payments was equal to the value of his labor. This contention is without merit. The compensation he received in exchange for his labor is taxable. Rowlee v. Commissioner,80 T.C. 1111, 1119 (1983). Petitioner presented no evidence with regard to respondent's determination that he had interest income. Petitioner has the burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure. We therefore conclude that petitioner had the interest income determined by respondent. Although petitioner incurred expenses for operating vehicles, he presented no evidence showing that any of those expenses had a business purpose. Hence, he may not deduct those expenses. He may not deduct his medical and interest expenses *352 either because those expenses were less than the zero bracket amount provided by section 63(d). Petitioner also bears the burden of proof with regard to the additions to tax determined by respondent. Petitioner presented no evidence showing that his failure to file returns was due to reasonable cause and was not due to willful neglect. Accordingly, he is liable for the addition to tax under section 6651(a) determined by respondent. He also failed to present any evidence showing that his underpayments were not due to negligence or intentional disregard of rules and regulations. Accordingly, he is liable for the additions to tax under section 6653(a) determined by respondent. Since petitioner presented no evidence showing he did not underpay his estimated tax, he is liable for the additions to tax under section 6654 determined by respondent too. Rowlee v. Commissioner,supra;Grosshandler v. Commissioner,75 T.C. 1 20 (1980). Furthermore, on our own motion, we will award damages to the United States under section 6673. Petitioner initiated this case merely to delay payment of his tax and the operations of this Court. It has been clear *353 for decades that compensation for services and interest are taxed. It was clear to petitioner in March 1977, when he filed a return for 1976 reporting those items as income. Petitioner has done nothing to indicate that there ever was a bona fide dispute regarding his income, his entitlement to deductions, or the additions to tax determined by respondent. In view of the administrative and judicial expenses causes by the institution of this case, $500 will be awarded to the United States. Decision will be entered for respondent.
Footnotes
1. All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.↩